# IN THE COURT OF APPEALS OF IOWA

No. 17-0289
Filed May 17, 2017

**IN THE INTEREST OF X.V. and P.V.,**
**Minor Children,**

**N.V., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Calhoun County, Adria A. D. Kester, District Associate Judge.

A mother appeals a portion of a permanency order requiring supervision of her visits with her children. **AFFIRMED.**

Joseph L. Tofilon of Thatcher, Tofilon & Livingston, P.L.C., Fort Dodge, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel, P.L.C., Carroll, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals a portion of a permanency order requiring supervision of her visits with her children.

## I. Background Facts and Proceedings

The mother has two living children, born in 2013 and 2014. The children were removed from her care in 2015, based on department of human services concerns about her refusal to cooperate with services and her numerous trips to the hospital with her younger child.

Initially, both children were placed with their paternal grandmother. Later, the older child was transferred to the home of her maternal great-aunt. The children remained in those homes throughout the proceedings. The relatives facilitated visits between the siblings. The parents exercised supervised visits with both children and occasional unsupervised visits with the older child.

In time, the State petitioned to terminate the parental rights of both parents. Following two evidentiary hearings, the district court denied the petition. Although the court found the State proved "a ground for termination of parental rights within the scope and meaning of [Iowa Code section] 232.116(1)(h) [(2016) (children cannot be returned to parental custody)]," the court concluded permanency did not require termination of parental rights. The court explained that the children's paternal grandmother had "consistently provided care for" the younger child and their maternal great-aunt had "consistently . . . provided care to [the older child] since the removal." After noting that the relatives worked well together to facilitate sibling visits and to support the parents' relationship with the children, the court entered a permanency order transferring guardianship and

custody of the younger child to the paternal grandmother and the older child to the great-aunt. The court also "restricted and enjoined" the parents "from contact with the children in interest except as follows: all contact, including medical visits, will be supervised by [the guardians]." The court later clarified the order to define the department's ongoing role as follows:

> This case will remain in juvenile court. As outlined in the Court's Order, visitation, if any, with non-custodial parents is to be supervised by the guardians. The DHS is expected to arrange and approve such visitation, ensure the visits are supervised by the guardians and ensure that the visits take place, if visits are appropriate.

On appeal, the mother does not challenge the district court's conclusion that the children could not be returned to her custody or the court's decision to place the children in a guardianship.[1] She simply contends the portion of the permanency order requiring supervision of visits lacks sufficient support in the record.

## II. Supervised Visits

Iowa Code section 232.104(5) states that "[a]ny permanency order may provide restrictions upon the contact between the child and the child's parent, consistent with the best interest of the child." Our de novo review of the record reveals the following facts.

Hospital personnel and others questioned whether the mother's multiple hospital visits with the younger child reflected Munchausen's By Proxy syndrome, a "fictitious disorder" in which parents "fixate on what [is] wrong with the children." But the mother's therapist testified the mother "never did that" and medical

---

[1] The father's appeal was dismissed.

records revealed the younger child had real and serious health issues that required surgical intervention.

Nonetheless, the mother acted deceptively throughout the proceedings. There were allegations she falsified a physician's letter obtained for court proceedings and told medical personnel untruths about herself and her younger child's health history. Her therapist conceded she "questioned at times if the mother was being truthful." A qualified psychiatric rehabilitation practitioner who also worked with the mother similarly stated the mother's "ability to present accurate information [was] a big concern." Given the younger child's serious medical needs, parental honesty about his symptoms and health history was critical. A department employee testified the mother's deception could "affect her relationship with . . . medical professionals regarding either child." The mother's dishonesty supported the district court's decision to require supervision of visits.

We affirm the district court's permanency order.

**AFFIRMED.**